UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRANITE COMMUNICATIONS, INC., on behalf of itself and all others similarly situated, | : : : : | |
|     Plaintiff, | : : | |
| v. | : : | Case No. 3:07-cv-1354 (PCD) |
| ONE COMMUNICATIONS CORP., | : : | |
|     Defendant. | : | |

### RULING ON SECOND MOTION TO STAY DISCOVERY

On February 14, 2008, Defendant One Communications moved to stay all discovery in this matter on the grounds that Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On March 25, 2008, the Court denied Defendant's motion because Defendant had not yet filed its motion to dismiss and the Court therefore had no basis to assess the merits of the motion to stay. On April 7, 2008, Defendant filed its motion to dismiss because Plaintiff lacked standing to bring this lawsuit and the Complaint does not state a claim upon which relief can be granted. On April 10, Defendant filed its Second Motion to Stay Discovery [Doc. No. 35]. For the reasons stated below, Defendant's motion to stay is hereby **granted.**

Federal Rule 12(b)(6) does not stay discovery pending a motion to dismiss, Moss v. Hollis, Civ. No. B-90-177 (PCD), 1990 WL 138531, *1 (D. Conn. June 29, 1990), and the Local Rules in the District of Connecticut expressly provide that "[t]he filing of a motion to dismiss shall not result in the stay of discovery...." U.S. District Court, D. Conn. Local R. of Civ. P., Standing Order on Scheduling in Civil Cases § 2(c). Federal Rule 26(c) nonetheless permits a party to seek a stay of discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). See also In re AOL Time Warner Inc. Sec. & ERISA Litig., No. MDL 1500, 02 Civ. 8853 (SWK), 2003

WL 22227945, at *1 (S.D.N.Y. Sept. 26, 2003).  To determine whether good cause exists, a "court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." Cuartero v. United States, No. 3:05CV1161 (RNC), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (quoting Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 U.S.. Dist. LEXIS 2684, *7-8 (S.D.N.Y. March 7, 1996)).  This Court has refused to stay discovery pending decision on a motion to dismiss "[a]bsent a strong showing that any such motions to dismiss would be successful[.]"  Moss, 1990 WL 138531, at *1.  See also In re Ames Dep't Stores, Inc. Debenture Litig., Civ. A. No. H-90-362, 1990 WL 260590, at *1 (D. Conn. 1990); Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

     The Court is persuaded in this instance that proceeding with discovery would be significantly burdensome to Defendant and, without passing judgment on the ultimate merits of Defendant's motion to dismiss, that there is a likelihood that Defendant's motion to dismiss will be successful.  Plaintiff, acting on behalf of itself and a purported class of "hundreds (if not thousands)" (Compl. ¶ 35), has served broad discovery requests pertaining to every customer relationship that One Communications has had since 2001.  Given the scope of such discovery requests, the process of responding to them will presumably be expensive and burdensome.  Subjecting Defendant to such substantial expense at the moment seems particularly wasteful given the arguments raised by Defendant in its motion to dismiss and the real question as to whether Plaintiff has standing to pursue any of its claims.  The Court acknowledges that a stay will prejudice Plaintiff, but it is not convinced, especially given how long this suit has already dragged on without significant movement, that any prejudice outweighs the other factors favoring

a stay. A stay of discovery is therefore appropriate until the Court rules on Defendant's motion to dismiss.

Defendant's Second Motion to Stay [Doc. No. 35] is hereby **granted,** and all discovery in this matter is stayed until Defendant's motion to dismiss is resolved. To the extent there are any outstanding discovery requests, their deadlines are postponed until 30 days after the Court's ruling on the pending motion to dismiss, to the extent that there are claims surviving the Court's ruling. A status conference will be scheduled after the Court's ruling to set further discovery deadlines.

SO ORDERED.

Dated at New Haven, Connecticut, this 24th day of April, 2008.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court